**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARY CSANYI, a single woman, ) | No. CV 03-1987-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| v. ) | |
| REGIS CORPORATION; SUPER CUTS, ) | |
| Defendants. ) | |

Pending before the Court is Defendants' Motion for Attorneys' Fees (Doc. # 96). Defendants' motion is premised on their successful defense of Plaintiff's claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

Under Title VII, the Court, in its discretion, "may allow the prevailing party . . . a reasonable attorney's fees (including expert fees) as part of the costs . . . ." 42 U.S.C. 2000e-5(k). In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978), the Supreme Court promulgated the standards to guide the Court when determining whether to award a prevailing defendant attorney's fees:

> [A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
>
> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or

    without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

Defendants argue that Plaintiff's action was frivolous, unreasonable, or without foundation because Plaintiff presented no evidence of retaliation,[1] presented no evidence she was employed by Regis Corporation,[2] and presented no evidence that similarly situated, non-Bolivian employees were treated differently. Defendants also note that the Court, in its Findings of Fact and Conclusions of Law (Doc. # 92), found Plaintiff's testimony not credible.

Despite Defendants' arguments, the Court is unwilling to find that Plaintiff's action was frivolous, unreasonable, or without foundation considering that the Court previously denied Defendants' summary judgment motion. *See Miller v. Los Angeles County Board of Education*, 827 F.2d 617, 620 (9th Cir. 1987) (stating that "a court should be particularly chary about awarding attorney's fees where the court is unable to conclude that the action may be dismissed without proceeding to trial"). Also, Defendants' arguments and the Court's previous denial of summary judgment indicate that Plaintiff merely failed to present evidence at trial sufficient to justify relief. There has been no showing that Plaintiff's action was frivolous, unreasonable, or without foundation from the outset, which showing would support an attorney's fee award to Defendants. *See Mitchell v. Office of the Los Angeles County Superintendent of Schools*, 805 F.2d 844, 847 (9th Cir. 1986) (stating that there is "a significant difference between the bringing of cases with no foundation in law or facts at the outset and the failure to present evidence sufficient to justify relief at trial.").

\\\

\\\

---

[1] The retaliation claim was dismissed upon oral motion of defense counsel after Plaintiff rested.

[2] Regis Corporation was dismissed upon oral motion of its counsel at the completion of the trial.

1  Accordingly,

2  IT IS ORDERED that Defendants' Motion for Attorneys' Fees (Doc. # 96) is
3  DENIED.

4  DATED this 5th day of February, 2007.

```
                               _____
                                   James A. Teilborg
                                   United States District Judge
```