**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARY CSANYI, | No. CV-03-1987-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| REGIS CORPORATION; SUPERCUTS, | |
| Defendants. | |

Pending before the Court is Plaintiff Mary Csanyi's Motion for Determination of Damages (Doc. #134). Having heard oral argument on the Motion on February 23, 2009 and having considered the parties' filings on this matter, the Court now rules as follows.

**I.      BACKGROUND**

On June 7, 8, 9, and 13, 2006, this Court presided over a bench trial in the above-captioned matter. Though this Court concluded, among other things, that Plaintiff had failed to establish that Defendants violated the Family and Medical Leave Act ("FMLA") by improperly terminating her health insurance, the Ninth Circuit on appeal determined that finding to be in error. Specifically, the Ninth Circuit concluded that this Court "erred by finding that Csanyi failed to prove that her health insurance was terminated while she was on FMLA leave because the parties stipulated in the Final Pretrial Order that Csanyi's health insurance benefits were terminated while she was on approved FMLA leave." (Doc. #129.)

1  The Ninth Circuit vacated the Court's judgment as to the FMLA claim and remanded to this
2  Court for a determination of appropriate remedies

3  Based on the Ninth Circuit's mandate, this Court ordered the parties to file a joint
4  status report proposing a method for determining the appropriate remedies in this case. (Doc.
5  #130.) In response to that Order, both parties submitted a separate status report proposing
6  both a procedural format for determining the appropriate remedies as well as outlining the
7  specific remedies to be awarded. (Doc. #131, 132.) Following the submission of those
8  separate Status Reports, this Court ordered Plaintiff to submit a motion for determination of
9  damages to assist the Court in determining the appropriate remedies to be awarded. (Doc.
10 #133.) Although the Court indicated in that June 11, 2008 Order that it would presumptively
11 assess the amount of Plaintiff's damages based on evidence previously presented at the
12 original trial, the Court invited Plaintiff to overcome that presumption by outlining any
13 additional evidence she wished to submit, explaining why such evidence was not and could
14 not have been submitted at the original trial, and demonstrating a nexus between the Court
15 of Appeals' mandate and her reasons for failing to submit the evidence at the original trial.
16 The Court directed Plaintiff to demonstrate how her damages arose from her FMLA claim
17 and to cite specific evidence in the record to support her calculation of damages.

18 **II.     ANALYSIS**

19 **A.   PROCEDURAL FORMAT FOR DETERMINING DAMAGES**

20 Though Plaintiff appears to have requested a bench trial on the remanded issue of
21 damages in her initial Status Report filed with this Court on June 2, 2008, it appears that
22 Plaintiff has since abandoned that request. In her Motion for a Determination of Damages
23 ("Motion"), Plaintiff states that she "will comply with the remainder of this order on the
24 assumption that the court will not be taking in new evidence of damages." (Motion, Doc.
25 #134, p. 2.) Without addressing the procedure for determining her damages again, Plaintiff
26 goes on to outline the specific damages that she seeks.

27 Assuming, however, that Plaintiff has not withdrawn or abandoned her request for a
28 second bench trial on the issue of remedies, the Court finds that she has failed to demonstrate

that another bench trial is warranted. Although the basis for Plaintiff's initial request is somewhat unclear, Plaintiff arguably requests a second bench trial on damages because she would like the opportunity to offer evidence that her husband was injured and that he was covered by her health insurance. Additionally, Plaintiff appears to argue that such evidence was not submitted in the original trial because her "lawyer was not ready."

This Court agrees with Defendants that Plaintiff has failed to establish that a second bench trial is warranted. To the extent such evidence, *i.e.*, evidence regarding her husband's injury, any expenses resulting therefrom, and/or his coverage under her policy, would have been admissible at trial in the first instance, Plaintiff never attempted to introduce such evidence. Indeed, Plaintiff's husband was not listed as a witness in the Final Pretrial Order (Doc. #76), and there are no exhibits listed in the Final Pretrial Order related to her husband's injury. Plaintiff did not seek to offer such evidence at the original trial, and her failure to do so does not warrant resetting this matter for another bench trial on the issue of damages that is currently before this Court.

Furthermore, we agree with Defendants that the Ninth Circuit's mandate did not remand this matter for a retrial but rather for a determination of appropriate remedies. Had the Ninth Circuit contemplated a second bench trial on damages, this Court believes that the mandate would have expressly stated such. For the foregoing reasons, Court will deny Plaintiff's request for a second bench trial and will assess Plaintiff's damages as discussed below.

**B.     EVIDENCE OF DAMAGES**

To assist the Court in determining the appropriate remedies, the Court requested that Plaintiff file a Motion for Determination of Damages. Specifically, the Court asked Plaintiff to address the following three requests for damages that Plaintiff made in her status report: (1) reimbursement of medical expenses in the amount of $3,800, (2) lost wages in the amount

1 of $15,667, and (3) required medical treatment that Plaintiff was unable to obtain in the
2 amount of $56,140.[1]

3 Rather than addressing the damages listed in that report, however, Plaintiff
4 inexplicably abandoned the previously requested amounts and changed her requested relief
5 to the following: (1) alleged medical expenses of $3,800.00; (2) $6,201.60 for 12 weeks of
6 alleged lost hourly wages and tips; and (3) 82 weeks of alleged lost earnings and tips of
7 $42,377.60. This Court finds that both requests – those in Plaintiff's initial Status Report and
8 those in her Motion for Damages – are either inconsistent with the damages sought by
9 Plaintiff at the original trial or are entirely unsupported by the sole remaining claim in this
10 case.

11 Plaintiff does not cite any evidence in the current record to support these additional
12 damages. Indeed, not only are some of Plaintiff's newly requested damages unsupported by
13 the evidence in the record, they are actually inconsistent with the evidence and testimony
14 offered by Plaintiff at trial. Specifically, Plaintiff's request for $3,800 for medication is
15 inconsistent with evidence submitted by Plaintiff at trial. That evidence is comprised of two
16 documents: (1) a cancelled check reflecting $186.00 in health insurance premiums paid by
17 Plaintiff for October 2003, and (2) a bill reflecting psychotherapy services during October
18 2003 in the amount of $120.00. (Doc. #90.) There is no evidence in the record regarding
19 $3,800 for either payments to her physician or for medication.

20 Furthermore, Plaintiff's request for damages for lost wages in the amount of $6,201.60
21 is inconsistent with the sole remaining claim in this case, *i.e.*, that Defendant Supercuts
22 violated the FMLA when it terminated Plaintiff's health insurance while she was on FMLA
23 leave. While Plaintiff baldly asserts that Supercuts "terminated [her] insurance while [she]

---

25 [1]In her Status Report, Plaintiff also requested: (1) liquidated damages in an amount
26 equal to $7,600.00; (2) attorneys' fees on FMLA claims totaling $33,000.00; and (3) taxable
costs and expenses totaling $5,600.00. The Court directed Plaintiff to omit these requests
27 from her Motion for Determination of Damages so that they could be addressed after the
Court determined the amount of actual damages. Plaintiff also requested a bench trial which
28 the Court has discussed and denied for the reasons stated *supra*.

1 was on approved F.M.L.A., and this is why Plaintiff requests the Court to grant the amount
2 of $6,201.60" in lost wages, Plaintiff provides no explanation for how she suffered lost
3 wages or tips as the result of the cancellation of her insurance.  Moreover, there is no claim
4 here, or basis for finding, that Plaintiff was denied FMLA leave, that Supercuts failed to
5 restore Plaintiff to her position upon a return from FMLA leave, or that Plaintiff's FMLA
6 leave should have been paid.

7 Similarly, Plaintiff's claim for lost earnings for 82 weeks in the amount of $42,377.60
8 is also inconsistent with her remaining claim for the improper termination of her health
9 insurance benefits. Although Plaintiff attempts to raise the argument in her Motion that she
10 did not voluntarily quit her job with Supercuts, this Court has already concluded that Plaintiff
11 failed to return to work at Supercuts after her FMLA leave expired and that Plaintiff did not
12 notify Supercuts that she had quit her job.  The Ninth Circuit did not reverse this Court on
13 that particular finding of fact.  Additionally, as Defendant notes in its Response to Plaintiff's
14 Motion, Plaintiff's claim for lost earnings is inconsistent with the evidence offered at trial
15 – specifically Plaintiff's own trial testimony.  Plaintiff testified that, although perhaps not
16 immediately, she was able to and did in fact return to work after leaving Supercuts.  (Doc.
17 # 135, Attach. 1, Exhibits B and D.)  Given the foregoing, this Court concludes that Plaintiff
18 has failed to establish a basis upon which damages for lost wages and lost earnings may be
19 awarded.

20 In addition to the unexplained inconsistencies in her various requests and her failure
21 to explain how the newly requested damages are related to the improper cancellation of her
22 insurance, Plaintiff's Motion also fails to address why evidence of such damages was not
23 presented at the original trial or to demonstrate a connection between the Court of Appeals'
24 Mandate and her reasons for failing to submit the evidence at the original trial.  Plaintiff has
25 failed to even identify additional evidence that she would have offered to support such
26 damages.  Plaintiff has offered no reason, and this Court can discern none, that would justify
27 considering evidence or requests for damages that were not submitted at the original trial.
28

Given the foregoing, Plaintiff's damages will be assessed based on the evidence submitted at the Bench Trial in June 2006.

**C. DAMAGES**

This Court agrees with Defendant that Plaintiff is now seeking damages that simply are not authorized by the Ninth Circuit's Mandate or provided for under the FMLA. As discussed in detail above, Plaintiff's sole remaining claim upon which this Court is to assess her damages is that Supercuts failed to maintain Plaintiff's health insurance benefits while she was on FMLA leave. This Court finds that the correct and appropriate measure of damages for lost insurance benefits in FMLA cases is either (1) actual replacement cost for the insurance, or (2) expenses actually incurred that would have been covered under a former insurance plan. *See Lubke v. City of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006).

Finding that Plaintiff's evidence of damages resulting from the cancellation of her insurance is appropriately limited to the evidence of actual expenses incurred that she herself submitted at the trial, the Court finds such evidence to be comprised of two documents: (1) a cancelled check reflecting $186.00 in health insurance premiums paid by Plaintiff for October 2003, and (2) a bill reflecting psychotherapy services during October 2003 in the amount of $120.00.[2] (Doc. # 90.) The Court concludes that it is appropriate to award Plaintiff $186.00 for health insurance premiums paid by her in October 2003 while she was on FMLA leave. Such damages are appropriate given the fact that Plaintiff received no benefit in return for the premium she paid. The Court further concludes that is appropriate to award Plaintiff $120.00 for charges for psychotherapy services that were incurred after the termination of her benefits and that should have been covered under her former insurance

---

[2] In its Amended Mandate, the Ninth Circuit determined October 2003 to be the relevant time period for calculating Plaintiff's lost insurance benefits: "The undisputed evidence at trial established that Csanyi's insurance ended on September 30, 2003 . . . Because Csanyi mailed a check to Supercuts in the amount of $186.00 to cover her portion of her health insurance premium for October 2003 while she was on FMLA leave, Supercuts was required to provide health insurance through the end of October 2003." (Doc. #129, pps. 4-5, footnote omitted.)

plan. The Court finds the total damages award of $306.00 to be appropriate based on the filings submitted by the parties and the evidence at trial and to be consistent with applicable case law governing the issue of lost insurance benefits in FMLA cases.

Having determined that actual damages in the amount of $306.00 will be awarded to Plaintiff pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(I),

**IT IS HEREBY ORDERED** that Plaintiff shall submit supplemental briefing to this Court on the issue of liquidated damages by Friday, March 13, 2009. Defendant shall file its Response on the issue of liquidated damages by Friday, March 20, 2009. If Plaintiff does not timely submit the supplemental briefing, the Court will deem that failure to be a waiver of any liquidated damages.

DATED this 26th day of February, 2009.

James A. Teilborg
United States District Judge