**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| MARY CSANYI, ) | No. CV 03-1987-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| REGIS CORPORATION; SUPERCUTS, ) |  |
| Defendants. ) |  |

Pending before the Court is Plaintiff Mary Csanyi's ("Plaintiff" or "Ms. Csanyi") Motion for Determination of Damages (Doc. #134). After hearing oral argument on the Motion on February 23, 2009 and reviewing the parties' filings, the Court determined that actual damages in the amount of $306.00 would be awarded to Plaintiff pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(I). The Court also requested that the parties submit supplemental briefing to the Court on the issue of liquidated damages. The Court has now considered that briefing and rules as follows.

Under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2617(a)(1)(A)(iii), a plaintiff who is awarded damages pursuant to § 2617(a)(1)(A)(i) is entitled to an additional amount as liquidated damages equal to the sum of the damages awarded plus interest. An employer will be liable for liquidated damages, "unless it can prove that it undertook in good faith the conduct that violated the Act and that it had reasonable grounds for believing that [its action] was not a violation of the Act." *Liu v. Amway Corp.*, 347 F.3d 1125, 1133 n. 6

1  (9th Cir. 2003), quoting *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112 (9th Cir.
2  2001). Defendant Supercuts has failed to identify, either in its Response to Plaintiff's
3  Supplemental Briefing Re: Liquidated Damages or in any of its other filings on the issue of
4  damages, any facts that would support a finding that the acts or omissions at issue here were
5  in good faith or that Defendant Supercuts had reasonable grounds for believing that its
6  actions were not a violation of the FMLA. For this reason, the Court will award Plaintiff
7  liquidated damages in the amount of $306.00 plus interest.

Accordingly,

**IT IS HEREBY ORDERED** entering Judgment against Defendant Supercuts and in favor of Plaintiff Mary Csanyi in the amount of $306.00 in actual damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(I) with interest to be calculated from the date of this Judgment at the prevailing federal rate pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), plus an amount of $306.00 in liquidated damages with interest to be calculated from the date of this Judgment at the prevailing federal rate pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

DATED this 30th day of March, 2009.

_____
James A. Teilborg
United States District Judge